DLD-018

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3647
_____

LEE J. ROWLAND,
                                        Appellant

v.

WARDEN THOMAS DURAN; DEPUTY WARDEN JACQUELINE
MOTTER; DEPUTY HARKEY; SUPERINTENDENT MARIROSA
LAMAS; DEPUTY ROBERT MARSH, Jr.; JEFFERY HORTON, Deputy
Superintendent; TED WILLIAMS, Medical Department, Head Administration; C.
SPANGLER, Medical Administration; MR. RACKOVAN, PA. State Facility
Grievance Coordinator; T. MILLER, P.R.C. Committee; MS. C. REEDER, Medical
Record; MS. RUPERT, Medical Nurse; DR. GREENBERG; P.A. SCHRACK
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-12-cv-02299)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 24, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  November 1, 2013)
_____

OPINION
_____

PER CURIAM

        Lee J. Rowland appeals pro se from the order of the District Court dismissing his

complaint. We will affirm.

Rowland, a Pennsylvania state prisoner, filed suit under 42 U.S.C. § 1983 against numerous employees of the Clinton County Correctional Facility ("CCCF") and SCI-Rockview alleging that he received inadequate medical care at those facilities. In brief, Rowland alleges that he injured his left foot in December 2010 when a step collapsed at CCCF and that personnel at that facility told him to treat it by icing it and keeping it elevated. Rowland further alleges that he later received an x-ray in February 2011 while at SCI-Rockview, which revealed that his foot was broken, followed by a March 2011 videoconference with an outside orthopedic doctor, who told him that the break appeared to be healing and recommended that he not apply extreme force or pressure on his injured foot. Rowland alleges that he should have received an x-ray earlier and that his treatment was otherwise inadequate, though he does not claim that defendants should have provided him with any other kind of treatment in particular. The defendants filed motions to dismiss on various grounds, and the District Court granted their motions and dismissed Rowland's complaint under Rule 12(b)(6) after concluding that it does not state a claim upon which relief can be granted and that amendment would be futile. Rowland appeals, and we have jurisdiction under 28 U.S.C. § 1291.

After reviewing Rowland's complaint de novo, we will affirm for the reasons adequately and thoroughly explained by the District Court. In particular, we agree that Rowland's allegations, accepted as true, do not raise an inference that any defendant acted with deliberate indifference to his medical needs. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). To the contrary, Rowland's allegations make it clear that he received

2

medical care for his foot, and neither his mere disagreement with that treatment nor its mere alleged inadequacy raises an inference of deliberate indifference. See, e.g., id. at 107 (explaining that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment" and that "[a] medical decision not to order an X-ray . . . does not represent cruel and unusual punishment" because, at most, it might constitute malpractice). Thus, we agree with the District Court both that Rowland's complaint failed to state a claim and that any amendment of his complaint would be futile.

Rowland's cursory arguments in his notice of appeal lack merit. Rowland argues that the defendants' briefs in support of their motions to dismiss were late and that the District Court "disregarded" his response in opposition to their motions, but we perceive no irregularity in that regard. Rowland also asserts that the District Court's "assessment that a broken foot can be treated and healed by faulty verbal and written communication . . . defies logic, medical treatment, and legal principles." The District Court, however, made no such assessment. Instead, the District Court examined Rowland's allegations regarding the assessments made and treatment provided by the medical defendants and properly concluded that they do not raise an inference of deliberate indifference.

For these reasons, we will affirm the judgment of the District Court.

3